**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **MT. HAWLEY INSURANCE COMPANY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | |
| **NATIONAL CASUALTY COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") files this Original Complaint and respectfully shows the Court the matters set forth below:

**I.
PARTIES**

1.     Plaintiff Mt. Hawley is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in Peoria, Illinois.

2.     Defendant National Casualty Company ("NCC") is a foreign company which, upon information and belief, is incorporated in Wisconsin and has its principal office in Scottsdale, Arizona.

**II.
JURISDICTION AND VENUE**

3.     The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4.     This is an action for declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201-2202.  An actual and substantial controversy exists between the parties.  By this action, Mt. Hawley seeks a declaration related to NCC's duty to defend and indemnify Grand

Junction Motor Speedway and its employees, Stacey Cook, Darren Cook, and Richard Talley, for the claims brought against them in the underlying lawsuit styled *Jason and Tracy Duncan, individually and as Representatives of the heirs and Estate of Taybor Duncan v. International Kart Federation, Colorado Junior Karting Club, LLC, Twenty Niners, LLC dba Grand Junction Motor Speedway, Stacy cook, individually and also dba Grand Junction Motor Speedway Kart Club, Richard Talley, Colorado Junior Karting Club Board of Directors: Jay Jacobellis, Scott Hannum, Mike Weatherman,* Case No. 11-CV-378, which is pending in the 18th Judicial District, Douglas County Court, Colorado (the "Underlying Action").

5.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. §1391(b)(2) because the Underlying Action is pending in this District.

### III.
### FACTUAL BACKGROUND

The Underlying Action

6.      The Underlying Action concerns the tragic death of nine-year old Taybor Duncan during a go-karting event held at the Grand Junction Motor Speedway ("GJMS") in Grand Junction, Colorado on August 15, 2010.

7.      The Underlying Action alleges that a "maintenance/recovery vehicle" operated by GJMS employee Richard Talley entered the racetrack in front of Taybor and Taybor ran into the maintenance/recovery vehicle head-on.  Taybor died the same day.

8.      The underlying plaintiffs, Taybor's parents, filed the Underlying Action in Colorado against Twenty Niners, LLC d/b/a GJMS (referred to herein as "GJMS") and its employees Stacey Cook, Darren Cook and Richard Talley, and others.  The Underlying Action alleges reckless, willful, wanton and grossly negligent conduct by defendants, and includes a claim for exemplary damages against GJMS, Stacey Cook and Talley. [may want to include

**ORIGINAL COMPLAINT**                                                                      **PAGE 2**

claims in complaint based on premises liability and ordinary negligence visavis coverage trigger].

<u>NCC Policy and Coverage</u>

9. NCC issued Policy No. KEO 828700 for policy period 1/1/2010 to 1/1/2011 ("NCC Policy") to the National Karting Alliance, Inc. ("NKA"), whose business description in the common policy declarations is "GO KART RACING."

10. GJMS obtains its insurance coverage through the NKA. GJMS prepares monthly event participation reports and pays "premiums" based on the number of karts and bikes participating at GJMS. The GJMS August 2010 report to NKA includes an accident report referencing Taybor Duncan. Taybor is included within the report's count for minor kart driver participants and a premium was paid based on her participation.

11. The NCC Policy contains the following **Additional Insured – Designated Person or Organization** endorsement:

**SCHEDULE**

<u>**Name of Additional Insured Person(s) or Organization(s)**</u>
**a.** Any person or organization engaged in operating, managing, sanctioning, sponsoring the "covered program," or providing the "premises" for a "covered program", including officials of the "covered program"
**b.** Any "participant" (excluding drivers), "competition vehicle" owner and "competition vehicle" sponsor.
**c.** Any "participant" driver but only with respect to "bodily injury" or "property damage" to persons other than any other driver.

**Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

**A.** In the performance of your ongoing operations; or
**B.** In connection with your premises owned by or rented to you.

<u>**ORIGINAL COMPLAINT**</u>                                                                                    **PAGE 3**

12.     The **Legal Liability to Participants – Motorsports Racing** form of the NCC Policy defines the following terms used in the above-cited **Additional Insured – Designated Person or Organization** endorsement:

"Covered program" means any event which:

1.      Was specifically submitted to us as a scheduled event or activity at the inception of this policy; or
2.      Is usual and customary to your business activities and events; or
3.      Has been specifically endorsed to this Policy.

"Covered program" includes registration and technical inspection on or off the "premises."

"Participant" means any person granted permission to enter the "restricted area" but only if

1.      The person has clearly defined duties directly allotted to them as respects a "covered program"; and
2.      The person is within the "restricted area."

"Restricted area" means any area requiring special authorization, credentials or permission to enter and to which admission of the general public is restricted or prohibited.

"You" and "your" refer to the Named Insured, NKA.

13.     Like NKA, go-kart racing is usual and customary to GJMS's activities and events and is thus, a "covered program."

14.     Furthermore, Plaintiff Tracey Duncan signed a "NKA Minor Report 2010" reaffirming parental consent for Taybor Duncan to participate in the go-kart race and acknowledging that she had already completed a "2010 Parental Consent, Release and Waiver of Liability, Assumption of Risk, and Indemnity Agreement for this event location" that "will be kept on file with the NKA for 2010."

15.    GJMS also reported the event to NKA and paid a "premium" for Taybor Duncan.

16.    Accordingly, the NCC Policy provides coverage to GJMS and its employees, the Cooks and Talley, in the Underlying Action.

Tender to NCC

17.    GJMS, the Cooks and Talley tendered the Underlying Action to NCC for coverage.  NCC improperly denied coverage claiming the race was not part of NKA's operations and was not a "covered program."

18.    Mt. Hawley is currently defending NCC's Additional Insureds, GJMS, the Cooks and Talley, in the Underlying Action.

19.    Mt. Hawley also tendered the Underlying Action on behalf of GJMS, the Cooks and Talley, demanding that NCC immediately acknowledge its coverage obligations and share in the defense and indemnity of these insureds.  To date, NCC has ignored Mt. Hawley's request on behalf of these common insureds.

The Mt. Hawley Policy

20.    Mt. Hawley issued a Commercial Lines Policy for policy period 12/31/2009 to 12/31/2010 that includes the following contractual subrogation condition:

**8.    Transfer Of Rights Of Recovery Against Others To Us**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us.  The insured must do nothing after loss to impair them.  At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

21.    Mt. Hawley has incurred defense costs on behalf of GJMS, the Cooks and Talley under the Mt. Hawley Policy, which NCC has an obligation to pay under the NCC Policy.

22.     GJMS, the Cooks and Talley have agreed to the filing of this lawsuit and to transfer and help enforce their rights to recover defense and indemnity costs from NCC to Mt. Hawley.

## IV.
## EQUITABLE CONTRIBUTION/REIMBURSEMENT

23.     Plaintiff incorporates by reference the allegations stated above.

24.     Under the terms of the NCC Policy and the allegations in the Underlying Action, NCC owed GJMS, the Cooks, and Talley duties of defense and indemnity.

25.     By fully defending GJMS, the Cooks, and Talley in the Underlying Action, Mt. Hawley paid obligations owed, in whole or in part, by NCC.

26.     Principles of equity, justice and fundamental fairness dictate that NCC must reimburse and/or contribute to the sums paid by Mt. Hawley which should have been paid, in whole or in part, by NCC.  In addition and in the alternative, by paying defense costs for GJMS, the Cooks, and Talley, Plaintiff has been both contractually and equitably vested with the rights of GJMS, the Cooks, and Talley against NCC to the extent of those past, present and future payments.

27.     NCC would be unjustly enriched if allowed to retain the benefit it received as the result of Mt. Hawley discharging duties and expending sums legally and equitable owed by NCC.

28.     NCC's wrongful refusal to reimburse Mt. Hawley and to discharge its obligation to defend and indemnify GJMS, the Cooks, and Talley in the Underlying Action has caused and continues to cause damages to Mt. Hawley in an amount to be proven at trial.

## V.
## BREACH OF CONTRACT

29.     Plaintiff incorporates by reference the allegations stated above.

30.     Pursuant to the terms of the Mt. Hawley Policy, the rights of GJMS, the Cooks, and Talley are assigned to Mt. Hawley to the extent of Mt. Hawley's payments made for the defense and indemnification of GJMS, the Cooks, and Talley in the Underlying Action.

31.     NCC has breached its contractual obligations to defend GJMS, the Cooks, and Talley, which breaches have caused foreseeable resulting damages, including but not limited to the amounts expended by Mt. Hawley in the defense of the common insureds in the Underlying Action.

32.     As the assignee and equitable subrogee of the common insureds in the Underlying Action, Mt. Hawley is entitled to recovery based on NCC's breaches of contract.

## IV.
## DECLARATORY RELIEF

33.     Plaintiff incorporates by reference the allegations stated above.

34.     Plaintiff seeks a declaratory judgment that GJMS, the Cooks and Talley are additional insureds under the NCC Policy.

35.     Plaintiff seeks a declaratory judgment that NCC has a duty to defend and indemnify GJMS, the Cooks and Talley for the claims in the Underlying Action.

36.     Plaintiff seeks a declaratory judgment that NCC is obligated to pay its pro rata share of defense and indemnity costs for GJMS, the Cooks and Talley in the Underlying Action, and reimburse defense and indemnity costs to Mt. Hawley that were expended on behalf of these insureds in the Underlying Action based on equitable contribution and equitable/contractual subrogation.

## VII.
## JURY DEMAND

37.     Plaintiff requests that this civil action be tried before a jury.

## VIII.
## PRAYER

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment against Defendant NCC as follows:

1.      A declaration that Grand Junction Motor Speedway, Stacey Cook, Darren Cook and Richard Talley are additional insureds under the NCC Policy; that NCC has a duty to defend and indemnify Grand Junction Motor Speedway, Stacey Cook, Darren Cook and Richard Talley in the Underlying Action; that NCC is obligated to pay its pro rata share of defense and indemnity costs under the NCC Policy; that NCC must reimburse defense and indemnity costs to Mt. Hawley; and for an award of damages against NCC and in favor of Mt. Hawley in an amount to be determined at trial.

2.      Costs of court, prejudgment and post-judgment interest as allowed by law; and

3.      Such other and further relief as to which Plaintiffs are justly entitled.

Dated: June 24, 2013.

Respectfully submitted June 24, 2013.

MONTGOMERY, KOLODNY, AMATUZIO & DUSBABEK, L.L.P.


*s/ Thomas H. Blomstrom*
Lori K. Bell
Thomas H. Blomstrom
1775 Sherman Street, 21st Floor
Denver, Colorado  80203
Telephone:  303.592-6600
Fax:  303-592-6666
lbell@mkadlaw.com
tblomstrom@mkadlaw.com

ATTORNEYS FOR PLAINTIFF